IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LORENZO SHELTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:10-00684 |
| v. | ) | Judge Campbell / Knowles |
| | ) | Jury Demand |
| GAYLE RAY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

Presently pending before this Court is a Motion to Dismiss filed by Defendants Gayle Ray, Tennessee Department of Correction ("TDOC") Commissioner; James Fortner, Turney Center Industrial Prison ("TCIP") Warden; and Shelly Himes, TCIP Correctional Clerical Officer. Docket No. 50. Along with their Motion, Defendants have filed a supporting Memorandum of Law. Docket No. 51.

Plaintiff has filed a Response and supporting Memorandum. Docket Nos. 64, 65.

Plaintiff, a TDOC inmate formerly housed at TCIP during all times relevant to the case at bar, filed this pro se, in forma pauperis action, pursuant to 42 U.S.C. §1983, alleging violations of his Eighth and Fourteenth Amendment Rights. Docket No. 1. Specifically, Plaintiff avers that Defendants Dickson, Makin, Jackson, and Sims assaulted him and used excessive force upon him in an incident that occurred on March 5, 2010.[1] *Id.* Plaintiff sues Defendant Himes because

---

[1] Defendants Dickson, Makin, Jackson, and Sims are not parties to the instant Motion.

1

"upon information and belief," he believes that she participated in the assault upon him, although he was "unable to see that she had gotten involved." *See id*, at ¶ 28. Plaintiff additionally sues Defendant Ray because she is "directly responsible for all the employees" of TDOC, and Defendant Fortner because he is "directly responsible for the supervision of the officers" working at TCIP. *See id*, ¶¶ 22, 23. Plaintiff sues all Defendants in their individual and official capacities. Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, costs, and "any additional relief this court deems just, proper, and equitable." *Id.*

Defendants Ray, Fortner, and Himes argue that respondeat superior is not a proper basis for the imposition of liability under §1983, and that Plaintiff's Complaint lacks sufficient specific allegations of their personal involvement with regard to the alleged March 5 incident. Docket Nos. 50, 51. Accordingly, Defendants maintain that Plaintiff cannot sustain his claims against them, and they should be dismissed. *Id.*

Plaintiff responds that Defendants can be held liable because they have "maintained the custom and culture of covering up unconstitutional misconduct and abuses of inmate's [*sic*] Eighth and Fourteenth Amendments [*sic*] rights at TCIP by correctional officers." Docket No. 65, p. 3.[2] Specifically, Plaintiff responds that he "sought the help and intervention of defendants," but his "requests for help fell on deaf ears, which signaled to the defendants that they could continue their unconstitutional behavior with impunity." *Id.*, pp. 3-4. Plaintiff argues that Defendants' failure to act was deliberate, which "in and of itself is tacit approval, or at the

---

[2] Despite the arguments of his Response, Plaintiff's Complaint does not mention anything about a custom or culture of covering up unconstitutional misconduct and abuses of inmates' rights. *See* Docket No. 1. As this matter is before the Court upon a Motion to Dismiss, the undersigned looks to the allegations of Plaintiff's Complaint, not the arguments of his Response.

2

very least it demonstrates acquiescence." *Id.*, p. 4.

For the reasons discussed below, the undersigned recommends that Defendants' Motion to Dismiss be GRANTED IN PART and DENIED IN PART. Specifically, the undersigned recommends that this Motion be GRANTED with regard to Defendants Ray and Fortner, and DENIED with regard to Defendant Himes.

## II. Facts

The allegations of Plaintiff's Complaint, as pertain to the instant Defendants, in their entirety, are as follows:

> 21. Upon information and belief James Fortner the Warden at Turney Center Industrial Complex knows that officer's Jerry Dickson, Dustin Mackin, Barry Sims, and Justin Jackson who were involved in beating Plaintiff, has a history of assaulting prisoners.
>
> 22. Warden James Fortner is directly responsible for the supervision of the officers working at Turney Center Industrial Complex had shown a deliberate indifference to the Plaintiff's safety. This warden had not taken any steps to insure that Plaintiff's safety was secured from these rogue officers and that Plaintiff's rights had not been violated, subjecting Plaintiff too cruel and unusual punishment violating his Eighth and Fourteenth Amendment rights guaranteed him by the United States Constitution.
>
> 23. Commissioner Gayle Ray has shown a deliberate indifference to Plaintiff's right to be safe and secure. Defendant Gayle Ray is directly responsible for all the employees of the Tennessee Department of Correction. This Commissioner has not taken any steps to insure that Plaintiff's safety was and is secured and that Plaintiff's rights not to be violated, subjecting Plaintiff too cruel and unusual punishment violating his Eighth and Fourteenth Amendment right guaranteed him by the United States Constitution.
>
> 24. Upon information and belief it has been made known to me that Officer Justin Jackson has been investigated (possibly

reprimanded) for participating with other officers in assaulting prisoners.

25. Upon information and belief it has been made known to me that Officer Barry Sims has been investigated (possibly reprimanded) for participating with other officers in assaulting prisoners.

26. Upon information and belief it has been made known to me that Officer Dustin Mackin has been investigated (possibly reprimanded) for participating with other officers in assaulting prisoners.

27. Upon information and belief it has been made known to me that Sgt. Jerry Dickson has been investigated (possibly reprimanded) for participating with other officers in assaulting prisoners.

28. Upon information and belief it has been made known to me that Shelly Himes who is a correctional officer and possibly the mother of defendant Barry Sims did in fact participate in the assault by kicking and hitting the plaintiff when he was being assaulted by the other named defendants in this complaint. Because of the way plaintiff was being assaulted by several officers at once he was unable to see that Officer Himes had gotten involved along with her son and the rest of the defendants. [See Affidavit of John L. Smith Exhibit #5]

...

30. On March 11, 2010 Internal Affairs Investigator Sgt. Mark Turner [sic] interviewed plaintiff and questioned plaintiff about what happened. Sgt. Turner informed the plaintiff that he was going to do a thorough investigation.

31. On March 15, 2010 plaintiff was once again interviewed by Internal Affairs Special Investigator John Fisher from the Internal Affairs office. This investigator tried to get the plaintiff to give him a statement absolving the named defendants in this action, claiming that they will more than likely be punished for what they did anyway. ...

32. Upon information and belief, it has been made known to me that the only reason that I was moved from the Turney Center

> Industrial Complex is because there was some threat to do some
> thing to my food. By the named defendants or some one acting on
> their behalf.
>
> 33. Upon information and belief, it has been made known to me
> that some of the named defendants in this action may have been
> suspended, with or without pay for their involvement in the assault
> on plaintiff.
>
> 34. Upon information and belief, it has been made known to me
> that my mother was told by individuals in both the commissioner
> office and the prison's warden office that the defendants involved
> in this incident are still being investigated.

Docket No. 1.

### III. Analysis

#### A. Standard of Review: Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id.* At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 137 L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

**B.  42 U.S.C. § 1983**

Plaintiff alleges violations of his Eighth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right

6

secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255*, quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

**C.  The Case at Bar**

As has been discussed, Plaintiff sues Defendants Ray and Fortner in their official and individual capacities because, as the TDOC Commissioner and TCIP Warden, respectively, they are responsible for overseeing the officers and other employees beneath them. Plaintiff avers that they were deliberately indifferent to his safety.

As an initial matter, Defendants are TDOC employees. In complaints alleging federal civil rights violations under § 1983, "[a]n official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000) (*citing Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985)). *See also, Frost v. Hawkins County Bd. of Educ.*, 851 F.2d 822, 827 (6th Cir. 1988). As such, when a public employee is sued in his or her official capacity, the claims are essentially made against the public entity. *Id*.

7

Because Defendants are TDOC employees, Plaintiff's claims against them in their official capacities are claims against the state of Tennessee.

42 U.S.C. § 1983 authorizes the imposition of liability against every "person" who, acting under color of state law, violates another person's federally protected rights.[3] *See* 42 U.S.C. § 1983. The law is well-settled that a state is not a "person" within the meaning of § 1983. *See, e.g., Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989); *Clark v. Kentucky*, 229 F.Supp.2d 718, 722 (E.D. Ky. 2002). Because the State of Tennessee is not a "person" subject to suit for damages under 42 U.S.C. § 1983, Plaintiff has failed to state a claim upon which relief can be granted; accordingly, he cannot sustain this claim.

Moreover, Plaintiff is unable to sustain his individual capacity claims against Defendants Ray and Fortner because § 1983 does not permit the imposition of liability based upon *respondeat superior*. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 454, 70 L. Ed. 2d 509 (1981). *See also, Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978); *Street v. Corrections Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1996).

---

[3] 42 U.S.C. § 1983 specifically provides in pertinent part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

In order for Defendants to be held liable in their individual capacities, Plaintiff must demonstrate that each Defendant personally condoned, encouraged, or participated in the conduct that allegedly violated his rights. *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (citations omitted). *See also, Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984) (*citing Hays v. Jefferson County,* 668 F. 2d 869, 872-874 (6th Cir. 1982) (The supervisor must have "at least implicitly authorized, approved or knowingly acquiesced in" the misconduct.) Conclusory allegations are not enough. *See Street,* 886 F.2d at 1479. *See also, Anderson,* 477 U.S. at 257; *Nix v. O'Malley,* 160 F.3d 343, 347 (6th Cir. 1998); *Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed. 2d 695 (1990); *McDonald v. Union Camp Corp.,* 898 F.2d 1155, 1162 (6th Cir. 1990). Plaintiff must establish a "causal connection between the misconduct complained of and the official sued." *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982).

Plaintiff does not contend that Defendants Ray and Fortner participated in the assault upon him; rather, Plaintiff avers that it is Defendants' "deliberate" inaction that constitutes acquiescence so as to constitute sufficient personal involvement allowing the imposition of §1983 liability upon them. Docket No. 1. Despite Plaintiff's claims that Defendants Ray and Fortner were somehow indifferent to the assault upon him or his safety, Plaintiff avers in his Complaint, *inter alia*, that he was informed that there would be a thorough investigation, that the Defendants involved in the incident were being investigated, that the Defendants who allegedly assaulted him would likely be punished for what they did, that the Defendants who allegedly assaulted him were in fact investigated and possibly reprimanded, and that they may have been suspended with or without pay. *Id.*, ¶¶ 24-27, 30-31, 33-34. Defendant also avers that two

9

different Internal Affairs Officers interviewed him on two different occasions regarding the incident. *Id.*, ¶¶ 33-34. Finally, Plaintiff avers that he was transferred from TCIP to another facility because of threats to poison his food. *Id.*, ¶ 32.

Taking Plaintiff's averments as true, Plaintiff's own claims demonstrate that Defendants Ray and Fortner were anything but indifferent. Plaintiff does not allege that Defendants Ray and Fortner were personally involved in the alleged assault, and the allegations of Plaintiff's Complaint indicate that the Defendants allegedly involved in the incident were promptly investigated and reprimanded. Moreover, Plaintiff's own allegations demonstrate that when Plaintiff's life was in jeopardy, he was transferred to another facility.

Given the allegations of Plaintiff's Complaint, he cannot sustain his claims against Defendants Ray and Fortner. The undersigned therefore recommends that the claims against them be dismissed, and that they be terminated as Defendants in this action.

With regard to Defendant Himes, Plaintiff avers that, although he did not see her participate in the assault upon him, "upon information and belief," Plaintiff believes that she did, in fact, assault him. Docket No. 1, ¶ 28. Plaintiff has submitted, as an attachment to his Complaint, the properly notarized Affidavit of John L. Smith. Mr. Smith's Affidavit, in its entirety, states as follows:

> I John L. Smith did witness officers Dickson, Sims, Jackson, Mackin, and Hines[4] assault and attack inmate Lorenzo Shelton. I saw them hit, kick, choke, and slam Mr. Shelton's head into a steel door rail causing blood shed.

Attachment to Docket No. 1 (footnote added).

---

[4] Mr. Smith, in his Affidavit, misspelled Defendant Himes' last name. This misspelling is irrelevant to the merits of the case.

At this stage in the proceedings, Mr. Smith's Affidavit establishes sufficient personal involvement for Plaintiff's claims against Defendant Himes to proceed. Accordingly, the undersigned recommends that Defendants' Motion be denied with respect to Defendant Himes.

### IV. Conclusion

For the forgoing reasons, the undersigned recommends that Defendants' Motion to Dismiss be GRANTED in PART and DENIED in PART. Specifically, the undersigned recommends that this Motion be GRANTED with regard to Defendants Ray and Fortner, and DENIED with regard to Defendant Himes.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                          E. CLIFTON KNOWLES
                          United States Magistrate Judge